IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 21-cr-115-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.    MELISSA CHARRAN,

    Defendant.

## OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

    Comes now the Defendant, Melissa Charran, by and through her attorney of record, Andres R. Guevara of the Law Office of Andres R. Guevara, and hereby respectfully files these Objections to the Presentence Investigation Report (ECF No. 102), and states as follows:

    1.    In Paragraph 27, the Department of Probation argues for a two-point enhancement pursuant to §2D1.1(b)(1) for the possession of firearm(s). The defense notes that the Government in the Plea Agreement also argues that such an enhancement is appropriate. (ECF. 74, page 9). Ms. Charran contends that the enhancement should not apply. Ms. Charran legally purchased firearms in question for her own safety related to violence in the neighborhood. This violence was unrelated to the sale or distribution of marijuana. While Mr. Mortenson videotaped himself holding certain firearm(s), he did so out of the presence of Ms. Charran and without her permission or knowledge at the time. Thus, while the enhancement could arguably apply to Mr. Mortenson for his conduct, the use of the firearms was not within Ms. Charran's criminal

activity, was not used by her in furtherance of her criminal activity, and Mr. Mortenson's use of the firearms was not reasonably foreseeable to Ms. Charran.

2.      Regarding footnote 2 of the PSIR on page 5, the probation department includes information obtained from an affidavit attached to a parallel state court proceeding that included amounts spent at marijuana dispensaries from August 17, 2020 to February 21, 2021 and converted that amount to an equivalent weight in marijuana.  However, as also noted in this footnote, the Assistant United States Attorney is "unsure where this information [the converted weight] originated." Thus, the defense objects the inclusion of the information contained in footnote 2 as neither the government nor the defendant have agreed to some or all of the figures/data contained therein.

3.      Regarding the two-level enhancement pursuant to §2D1.1(b)(12), the Department of Probation and the government sought a two-point enhancement because the premises were "maintained for the purposes of manufacturing or distributing a controlled substance."   (ECF. 102, ¶ 29; ECF. 74, page 9) At the time of the Plea Agreement, the defense took the position that the enhancement does not apply. Upon further review, the defense is withdrawing this objection and instead will make arguments related to this enhancement as part of a subsequent sentencing statement.

4.      Regarding safety valve eligibility, the defense disagrees with the Department of Probation in paragraph 33, and instead concurs with the Government's interpretation that U.S.S.G. §2D1.1(b)(1) "applies to a particular defendant" and "does not preclude that defendant's safety-value eligibility." (citing *United States v. Pena-Sarabia, 297* F.3d 983, 987-88 (10th Cir. 2002).  However, this point is arguably academic if the Court concludes that the

applicable guideline calculation is the 48-month statutory maximum for the count of conviction or a lower amount.

5.     As noted in the Plea Agreement, the defense is free to argue as to the weight calculations for marijuana.  (ECF. No. 74, p. 9).   Although the government and the Department of Probation relied on weight conversions of marijuana, including the United States Sentencing Commission's determination that one gram of THC is equivalent to 167 grams of marijuana, the defendant contends that this conversion is not based on empirical data or evidence and should therefore not be used. A similar argument has been raised by co-defendant Eric Mortenson in his Motion for Variant/Non-Guideline Sentence (ECF. 90, 92).  If this Court were to agree, then in this case the base offense based on the combined total drug weight of the THC and marijuana is 26.11, which would establish a base offense level of 16 (at least 20 kilograms but less than 40 kilograms) as opposed to a base offense of 30 based on converted drug weight.   Even if the Court were to rely on the Sentencing Guidelines conversion ratio as a starting point for sentencing, it could nonetheless revisit this matter within the confines of a Motion for Variant Sentence, which Ms. Charran expects to file on or about July 12, 2023.

Dated:  July 5, 2023

                                              Respectfully submitted,

                                              ANDRES R. GUEVARA
                                              Law Office of Andres R. Guevara


                                              s/ Andres R. Guevara
                                              ANDRES R. GUEVARA

       Law Office of Andres R. Guevara
       2806 N. Speer Blvd
       Denver, CO 80211
       Telephone:  (720) 379-8262
       FAX: (720) 699-6808
       E-mail:andres@guevaracoloradolaw.com
       Attorney for Melissa Charran

**CERTIFICATE OF SERVICE (CM/ECF)**

       I hereby certify that on July 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any and all attorneys authorized to receive service

       s/ Andres R. Guevara
       ANDRES R. GUEVARA
       Law Office of Andres R. Guevara
       2806 N. Speer Blvd
       Denver, CO 80211
       Telephone:  (720) 379-8262
       FAX: (720) 699-6808
       E-mail:andres@guevaracoloradolaw.com
       Attorney for Melissa Charran