IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00115-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  MELISSA CHARRAN,

    Defendant.

---

## MOTION FOR DOWNWARD VARIANCE

---

    The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits the following motion for a downward variance for defendant Melissa Charran.  Specifically, and for the reasons that follow, the Government respectfully requests that the Court sentence the defendant to 24 months' imprisonment, a 50% downward variance from the defendant's Guidelines range.

### Factual Background

    The facts of this case are amply described in the parties' plea agreement, ECF #74, and the Presentence Investigation Report ("PSR"), ECF #102, so will be repeated only in brief here.

    From approximately August 2020 through March 2021, the defendant and her co-conspirator, Eric Mortensen, worked out of their shared apartment in Denver, Colorado, to distribute marijuana and THC. The defendant and Mortensen purchased the marijuana and THC from Colorado dispensaries, advertised the products on a particular

social media account (the "Social Media Account") and then sold the marijuana and THC to customers around the United States using the U.S. mail.  PSR ¶ 10.

The defendant was largely responsible for obtaining the controlled substances from dispensaries (including by using her medical marijuana license to purchase the drugs) and Mortensen was responsible for advertising, packaging, and shipping the controlled substances, though sometimes Mortensen also obtained the marijuana from dispensaries himself. The defendant's online postage account was used to purchase postage for the parcels containing controlled substances that were mailed to customers around the country. Together, the defendant and Mortensen worked to earn a profit from the drug sales. They received payment for the controlled substances in a variety of ways, including via electronic payment application and cash received in the mail.  PSR ¶ 10.

For instance, on or about October 21, 2020, Mortensen mailed 14 parcels containing THC products (the "Parcels") to out-of-state customers from a Denver, Colorado post office. Ten of these parcels were seized and searched pursuant to a search warrant, but other parcels were allowed to enter the mail stream and continue to their destinations. The parcels each had a return address of "European Auto" or "European Auto Parts." The defendant used her medical marijuana license to purchase the controlled substances in the Parcels to sell to others via the U.S. Mail.  PSR ¶ 11.

In addition, with the defendant's knowledge, Mortensen created an online postage account in the defendant's name, and used the defendant's online postage account to pay for the shipping on the Parcels. On or about October 27, 2020, an undercover officer called the defendant about the Parcels. The defendant claimed that

she runs a business called "European Auto Parts" and uses her online postage account in connection with that business and stated that she dropped off Parcels at the Denver Downtown Post Office the week prior.  PSR ¶ 11.

On March 25, 2021, a search warrant was executed at the defendant and Mortensen's shared apartment in Denver, Colorado. During execution of the search warrant, officers located, among other things, marijuana and THC in dispensary packaging, organized and ready for sale; approximately $12,000 cash; packaging materials such as envelopes and tape; and four firearms that Mortensen had displayed in videos on the Social Media Account.  PSR ¶ 12.

At the time of her arrest in this case, the defendant was pregnant with the defendant's child.

## Procedural History

The defendant and Mortensen were charged by criminal complaint on March 24, 2021, and subsequently indicted on April 7, 2021. ECF #1, 23. On June 9, 2022, the defendant waived indictment and agreed to the filing of an information against her, charging one count of 21 U.S.C. § 843(b). ECF #71.  That same day, the defendant pled guilty, pursuant to a plea agreement, to the one count of the information. ECF #74, 75.  The defendant has been on release since her arrest.

## Guidelines Calculation

The parties disagree about the various Guidelines enhancements that apply to the defendant.  Because the defendant's statutory maximum sentence is 48 months' imprisonment, however, her Guidelines range pursuant to U.S.S.G. § 5G1.1(a) is 48 months, and the parties' disagreement becomes largely academic.

3

Motion for Downward Variance

By allowing the defendant to plead guilty to a violation of 21 U.S.C. § 843(b), with its statutory maximum sentence of 48 months' imprisonment, the Government already demonstrated extraordinary leniency to this defendant. Nevertheless, for the reasons that follow, the Government believes that further leniency in the form of a downward variance is appropriate here.

*A. Nature and Circumstances of The Offense*

There is no doubt that this offense was serious, even though the drugs at issue in this case were marijuana and THC. Colorado has legalized marijuana, but not all states have. By sending drugs to other states where those drugs remain illegal, the defendant and Mortensen circumvented all of the safeguards that are attendant to a lawful, regulated marijuana industry. In so doing, the defendant and Mortensen made a lot of money—indeed, for a time, this was their only job.

The defendant participated in this criminal activity for many months, all the while knowing what she was doing was wrong. But, she was not the mastermind of this criminal scheme. Mortensen was the boss, and the defendant did what he said—which, mostly, was using her medical marijuana card to purchase drugs to sell. Moreover, Mortensen was the original target of this investigation; he came to the attention of law enforcement when he was selling drugs on social media, facilitated by the brazen use of firearms.

To be sure, the nature and circumstances of this offense calls for some sort of consequence, but the Government also recognizes that the defendant was not the main target of the investigation and was ultimately substantially less culpable than

4

Mortensen.

    *B. History and Characteristics of the Defendant*

Unlike Mortensen, who has accumulated an impressive number of criminal history points, this is the defendant's first criminal case. She has otherwise lived a productive, law-abiding life with a history of working legitimate jobs.

Although the defendant was in a long-term relationship with Mortensen and has now given birth to his child, she was also abused by him. PSR ¶ 51. The Government credits the defendant's description of the abuse she suffered since it comports with what we know about Mortensen's lengthy and violent criminal history, particularly as it pertains to women. The mental and physical abuse suffered by the defendant cannot fully exculpate her for her criminal conduct, but it does explain why, for so long, she agreed to perform tasks for Mortensen in furtherance of their drug business.

The Government hopes that, after whatever sentence the Court deems appropriate, that the defendant will continue on the path that she was on before she met the defendant, and that her child will grow up surrounded by a loving mom and grandparents who will serve as positive role models.

    *C. Need for the Sentence to Provide Deterrence and Protect the Public*

The Government does not believe that this defendant needs to be specifically deterred; unlike her co-defendant, she is extremely unlikely to recidivate. For the same reason, a lengthy sentence is unnecessary to protect the public. While general deterrence remains a factor to be considered in this sentencing, the Government does not believe a lengthy Guidelines sentence of 48 months' imprisonment is necessary to deter the public given the unique circumstances relevant to this defendant, her role in

5

the offense, and her relationship with her co-defendant.

## Conclusion

The Government respectfully requests that the Court vary downward from the defendant's Guidelines range and sentence her to 24 months' imprisonment.

Respectfully submitted this 11th day of July, 2023.

        COLE FINEGAN
        United States Attorney

By:   *s/ Andrea Surratt*
       Andrea Surratt
       Assistant United States Attorney
       U.S. Attorney's Office
       1801 California St., Suite 1600
       Denver, CO 80202
       Telephone: (303) 454-0100
       e-mail:  Andrea.Surratt@usdoj.gov
       Attorney for the Government