IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 21-cr-00115-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  MELISSA CHARRAN,

    Defendant.

---

**RESPONSE TO DEFENDANT'S MOTION FOR DOWNWARD VARIANCE**

---

    The United States of America, by and through the undersigned Assistant United States Attorney, respectfully submits the following response to defendant Melissa Charran's motion for a downward variance (ECF #110).

    Given nature and circumstances of the offense; the defendant's history and characteristics; and the need for a sentence to provide just punishment, reflect the seriousness of the offense, and provide for deterrence, the Government believes that a sentence of 24 months is sufficient but not greater than necessary to satisfy the purposes of sentencing.

    The Government's motion for a downward variance asks the court to shave 50% off of an already-generous Guidelines calculation.  In making its sentencing recommendation, the Government was most compelled by the defendant's relative role in the offense and her relationship with the defendant.  As is now apparent from the filings in this case, the defendant was physically and mentally abused by her then-

1

boyfriend, Eric Mortensen.  The video filed as a conventional filing to ECF #110 gives a snapshot into their relationship; it is not difficult to imagine that he treated her similarly while they were living together in Denver while committing the offense conduct. Moreover, as has been amply described, the defendant's role in the offense conduct was not only minor as compared to Mortensen's, but also directed by Mortensen. Finally, the defendant was cooperative with law enforcement from the time of her arrest (decidedly unlike Mortensen, who led police on a foot chase before being arrested), and subsequently met with the Government to provide information about unlawful drug distribution in Denver.  While this information did not rise to the level of § 5K1.1 substantial assistance, it did earn her safety-valve credit, and her overall willingness to cooperate was taken into account in the Government's sentencing recommendation.

On the other hand, the offense conduct here was serious, long-running, and profitable. It is easy to believe that absent law enforcement intervention, the conduct would have continued for many more months or years.  Further, although the defendant is not charged with using the firearms in the apartment in furtherance of the drug offenses, she nevertheless brought guns into an apartment shared by a multiple-time convicted felon and out of which drugs were being distributed.  From this perspective, the Government's recommended sentence will provide just punishment for the offense and also general deterrence to others who might consider this type of criminal activity.

In sum, the Government's recommended sentence takes into account all of the 18 U.S.C. § 3553(a) factors and is an appropriate sentence for this defendant.

Respectfully submitted this 19th day of July, 2023.

        COLE FINEGAN
        United States Attorney

  By: *s/ Andrea Surratt*
      Andrea Surratt
      Assistant United States Attorney
      U.S. Attorney's Office
      1801 California St., Suite 1600
      Denver, CO 80202
      Telephone: (303) 454-0100
      e-mail:  Andrea.Surratt@usdoj.gov
      Attorney for the Government